Case 4:20-cv-04263   Document 28   Filed on 01/28/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LINDA LEATHERMAN, § § Plaintiff. § § VS. § KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | CIVIL ACTION NO. 4:20-cv-04263 |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Linda Leatherman ("Leatherman") seeks judicial review of an administrative decision denying her applications for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Leatherman and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner").[1] *See* Dkts. 24, 25. After reviewing the briefing, the record, and the applicable law, I recommend that Leatherman's motion for summary judgment be **GRANTED**, the Commissioner's motion for summary judgment be **DENIED**, and this case be remanded to the Social Security Administration for further proceedings consistent with this opinion.

## BACKGROUND

Leatherman filed applications for disability insurance benefits under Title II and Title XVI of the Act, alleging disability beginning on April 1, 2014. Leatherman subsequently amended her alleged onset date to September 20, 2016. Her applications were initially denied and denied again upon reconsideration.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedures 25(d).

Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Leatherman was not disabled. Leatherman filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id*.

## THE ALJ'S DECISION

The ALJ found at Step 1 that Leatherman had not engaged in substantial gainful activity since September 20, 2016, the amended alleged onset date. *See* Dkt. 21-3 at 13.

The ALJ found at Step 2 that Leatherman suffered from "the following severe impairments: morbid obesity, degenerative joint disease of the right knee, degenerative disc disease, chronic fatigue syndrome, and chronic obstructive pulmonary disease (COPD) with tobacco use." *Id*. at 13–14.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Leatherman's RFC as follows:

> [Leatherman] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but can never climb ladders, ropes, or scaffolds. She can

frequently reach, handle, and finger. She must avoid a concentrated exposure to airborne irritants, including dusts, fumes, or gases.

*Id.* at 16.

At Step 4, the ALJ found that Leatherman can perform her past relevant work as an accounting clerk and receptionist. Consequently, the ALJ found that Leatherman was not disabled.

## DISCUSSION

Leatherman contends that remand is appropriate because the ALJ's decision is "entirely inadequate." Dkt. 24 at 5. In advancing this contention, Leatherman essentially challenges three different aspects of the ALJ's decision. First, Leatherman argues that the ALJ failed to adequately address her subjective and objective complaints related to chronic pain. Next, she argues that the ALJ failed to adequately address her obesity. Lastly, Leatherman avers that the ALJ improperly assessed whether any of her impairments met any of the Social Security Administration's listed impairments at Step 3. This discussion reaches only the first argument.

With respect to the evaluation of a claimant's subjective complaints of pain and other symptoms, the federal regulations and case law provide as follows:

> The ALJ must first determine whether there is a medically determinable impairment that is capable of producing that pain. Once the impairment is found, the ALJ evaluates the intensity, persistence and limiting effects of the symptoms on the claimant's ability to do basic work activities. While an ALJ must consider subjective evidence relating to pain and other symptomology, it is within his or her discretion to determine their disabling nature. However, an ALJ's unfavorable credibility evaluation will not be upheld on judicial review where the uncontroverted medical evidence shows a basis for the claimant's complaints unless the ALJ weighs the objective medical evidence and articulates reasons for discrediting the claimant's subjective complaints.

*Schwartz v. Kijakazi*, No. 4:20-CV-00739, 2021 WL 3620071, at *3 (S.D. Tex. Aug. 16, 2021) (cleaned up). In other words,

> [i]t is not sufficient for an ALJ to make a single conclusory statement that the individual's allegations have been considered, that the allegations are or are not credible, or to simply recite the factors that are described in the Regulations for evaluating symptoms; rather, the ALJ's decision must contain specific reasons for the finding on credibility, supported by evidence of record, that are sufficiently specific to make clear the weight that the ALJ gave to the claimant's subjective complaints and the reasons therefor.

*Murphy v. Colvin*, No. CIV.A. 14-1110, 2015 WL 5060131, at *6 (E.D. La. Aug. 25, 2015).

Here, the ALJ provided a very lengthy RFC discussion. *See* Dkt. 21-3 at 16–23. Succinctly stated, the ALJ began by recounting Leatherman's testimony concerning her impairments and their respective attendant pain and symptomology, along with her reported daily activities. *See id.* at 17–18. After recounting this evidence, the ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

*Id.* at 18. Then, the ALJ went on to summarize the many medical records substantiating Leatherman's ailments. *See id.* at 19–23. To be sure, the ALJ discussed Leatherman's chronic pain both in terms of her subjective complaints and the objective medical evidence. However, the ALJ never bothered to expressly state the exact way she utilized any specific objective medical evidence to discredit Leatherman's repeated and largely consistent complaints about chronic pain. Indeed, in the final paragraph of the ALJ's RFC discussion, which purports to summarize her overall RFC analysis, the ALJ cites only one medical record (ExhibitB10F), which happens to be approximately 325 pages long. *See* Dkts. 21-9, 21-10. The ALJ does not identify any specific pages of the medical record as the basis for her conclusion that Leatherman's statements concerning pain were inconsistent with the medical record. *See* Dkt. 21-3 at 18. In fact, the summary

paragraph doesn't even use the word "pain."[2] Absent more details, "I cannot assess the validity of the ALJ's reasoning" because I genuinely don't understand exactly how the ALJ reconciled Leatherman's complaints about pain with the objective medical evidence. *Schwartz*, 2021 WL 3620071, at *3. This is error.

I must next determine whether the ALJ's error was harmless. An error is harmless "when it is inconceivable that a different administrative conclusion would have been reached absent the error." *McNeal v. Colvin*, No. 3:11-CV-02612-BH-L, 2013 WL 1285472, at *27 (N.D. Tex. Mar. 28, 2013). I am hesitant to declare the error here harmless because the ALJ has not adequately explained her reasoning. Given the uncertainty surrounding the ALJ's reasoning, I conclude that it is conceivable that the ALJ could make a different administrative decision. Accordingly, remand is appropriate.

## CONCLUSION

For the reasons provided above, I recommend that Leatherman's motion for summary judgment (Dkt 24) be **GRANTED**, the Commissioner's motion for summary judgment (Dkt. 25) be **DENIED**, and this case be remanded to the Social Security Administration for further proceedings consistent with this opinion.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections

---

[2] The final paragraph states:

> In sum, the above residual functional capacity assessment is supported by the medical evidence. The medical record shows that although the claimant has experienced some musculoskeletal issues and related weakness, these symptoms are treatable with medication and weight loss (Exhibit B10F). However, despite multiple urgings by her physicians, the claimant has not made any apparent lifestyle changes and does not exercise (Exhibit B10F). She has also refused physical therapy and counseling with a nutritionist (Exhibit B10F/204, 298). As for her respiratory issues, the record indicates that the claimant's symptoms are well-controlled with inhalers and other treatment and that she only experiences exacerbations in the context of acute illnesses (Exhibit B10F). Indeed, overall, it appears that the claimant is capable of sedentary work.

Dkt. 21-3 at 23.

6

under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 28th day of January 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE